1  MALCOLM A. HEINICKE (State Bar No. 194174)
   Malcolm.Heinicke@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
3  San Francisco, CA  94105-2907
   Telephone:     (415) 512-4000
4  Facsimile:     (415) 512-4077

5  TERRY E. SANCHEZ (State Bar No. 101318)
   SHOSHANA E. BANNETT (State Bar. No. 241977)
6  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
7  Los Angeles, California  90071-1560
   Telephone:     (213) 683-9100
8  Facsimile:     (213) 687-3702

9  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS K. McDANIEL and BRYAN CLARK, on behalf of themselves, all others similarly situated, and the general public,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>WELLS FARGO INVESTMENTS, LLC, a Delaware limited liability company, WELLS FARGO BANK, N.A., a National Association, WELLS FARGO ADVISORS, LLC, formerly known as Wachovia Securities, LLC, a Delaware limited liability company, and DOES 1 through 50 inclusive,<br><br>                    Defendants. | CASE NO.  CV 10 4916 SC<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RE: FILING OF FIRST AMENDED COMPLAINT; WITHDRAWAL OF MOTION TO TRANSFER AND SCHEDULING** |

13511252.1

STIPULATION
CASE NO.  CV 10 491

1       WHEREAS, Plaintiffs bring this putative employment class action, and Defendants have
2   removed it to this Court pursuant to the Class Action Fairness Act of 2005;
3       WHEREAS, Defendants have filed a motion to transfer venue to the United States District
4   Court for the Eastern District of California, pursuant to 28 U.S.C. §1404, and that motion has
5   been noticed for a hearing on April 29, 2011;
6       WHEREAS, the parties previously agreed to extend Defendants' time to answer or
7   otherwise respond to the complaint until after the resolution of this motion to transfer;
8       WHEREAS, in light of developments in other actions and for other reasons, Plaintiffs
9   wish to amend their complaint to dismiss certain claims and focus on a claim alleging violations
10  of California Labor Code section 450;
11      WHEREAS, in light of developments in other actions and Plaintiffs' stated intention to
12  amend their complaint, Defendants wish to withdraw without prejudice their motion to transfer
13  this case to the United States District Court for the Eastern District of California;
14      WHEREAS, Defendants stipulate to Plaintiffs' filing of the proposed First Amended
15  Complaint (attached hereto as Exhibit A) and the associated dismissal without prejudice of the
16  previously pled claims now omitted from the First Amended Complaint, provided Defendants
17  expressly reserve the right to challenge the First Amended Complaint and allegations therein on
18  any and all grounds, and do not waive any arguments or defenses;
19      WHEREAS, the parties agree that Defendants' deadline to answer or otherwise respond to
20  the First Amended Complaint shall be thirty (30) days from the filing of the First Amended
21  Complaint following the entry of the stipulated Order below, unless subsequently stipulated
22  otherwise;
23      WHEREAS, the parties agree that, given that it is anticipated that Defendants will not
24  initially answer the First Amended Complaint but instead file a pleading motion such as a motion
25  to dismiss, court and party resources would be best preserved if the Case Management
26  Conference currently scheduled for May 27, 2011 at 10:00 a.m. (and associated deadlines) is
27  continued and held after the initial pleading motion(s) are resolved, a process the parties
28  anticipate will not take longer than one hundred twenty (120) days;

1      WHEREAS, through this stipulation, Plaintiffs and Defendants do not concede any

2 procedural or substantive rights;

3      NOW THEREFORE, Plaintiffs and Defendants through their counsel of record stipulate

4 to the following and respectfully request an order to this effect:

5      IT IS HEREBY STIPULATED that (a) Plaintiffs may file the First Amended Complaint;

6 (b) Defendants shall answer or otherwise respond to the First Amended Complaint within thirty

7 (30) days of the filing of the First Amended Complaint; (c) the Case Management Conference

8 currently scheduled for May 27, 2011 at 10:00 a.m. (along with its associated deadlines) is hereby

9 continued one hundred twenty (120) days to August 26, 2011 at 10:00 a.m. or as soon thereafter

10 as may be heard by the Court; and (d) the pending motion to transfer filed by Defendants be

11 ///

12 ///

deemed withdrawn without prejudice.

DATED: March 28, 2011

Law Offices Of William P. Torngren
    WILLIAM P. TORNGREN


By /s/ *William P. Torngren*
    WILLIAM P. TORNGREN

Attorneys for Plaintiffs


DATED: March 28, 2011

Munger, Tolles & Olson LLP


By: /s/ *Malcolm A. Heinicke*
    MALCOLM A. HEINICKE

Attorneys for Defendants[1]

**PURSUANT TO STIPULATION, IT IS SO ORDERED** that (a) Plaintiffs may file (through the Court's e-filing system) the First Amended Complaint in the form submitted with this stipulation and proposed order; (b) Defendants shall answer or otherwise respond to the First Amended Complaint within thirty (30) days of Plaintiffs' filing of the First Amended Complaint; (c) the Case Management Conference currently scheduled for May 27, 2011 at 10:00 a.m. (and associated deadlines) is hereby continued to August 26, 2011 at 10:00 a.m.; (d) Defendants' motion to transfer the case to the United States District Court for the Eastern District of California (Docket Entry Nos. 10 and 15) is hereby deemed withdrawn without prejudice and the hearing on April 29, 2011 is vacated.

3/31/11

THE HONORABLE

*IT IS SO ORDERED*
*Judge Samuel Conti*

---

[1] I, Malcolm A. Heinicke, am the ECF User whose identification and password are being used to file this STIPULATION AND [PROPOSED] ORDER TO EXTEND THE DEADLINE FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT. In compliance with General Order 45.X.B., I hereby attest that William P. Torngren concurred in this filing.

13511252.1

- 3 -

STIPULATION
CASE NO. CV 10 4916

# EXHIBIT A

William P. Torngren (Cal. Bar No. 58493)
**LAW OFFICES OF WILLIAM P. TORNGREN**
117 J Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 554-6447
Facsimile:   (916) 554-6445
E-mail:  torngren@torngrenlaw.com

Scot D. Bernstein (Cal. Bar No. 94915)
**LAW OFFICES OF SCOT D. BERNSTEIN**
**A Professional Corporation**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone:  (916) 447-0100
Facsimile:  (916) 933-5533
E-mail:  swampadero@sbernsteinlaw.com

Gail A. Glick (Cal. Bar No. 174293)
**ALEXANDER KRAKOW + GLICK LLP**
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Telephone: (310) 394-0888
Facsimile: (310) 394-0811
Email: gglick@akgllp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS K. McDANIEL and BRYAN CLARK, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO INVESTMENTS, LLC, a Delaware limited liability company, WELLS FARGO BANK, N.A., a National Association, WELLS FARGO ADVISORS, LLC, formerly known as Wachovia Securities, LLC, a Delaware limited liability company, and DOES 1 through 50 inclusive,<br><br>Defendants. | **Case No. CV-10-4916 SC**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW** |

-2-

Plaintiffs, on behalf of themselves, all present and former California employees similarly situated, and the general public, complain against defendants as follows:

## JURISDICTION AND VENUE

1. This action originally was filed in the San Francisco County Superior Court. Defendants timely removed the case. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 in that this is a class action with 100 or more putative class members, the matter in controversy exceeds $5 million, and diversity exists between one or more class members and one or more defendants. See 28 U.S.C. § 1332(d).

2. Pursuant to sections 1441 and 1446(a) of title 28 of the United States Code, venue is proper in that the action was filed originally in San Francisco County and removed to this Court.

## SUMMARY OF CASE

3. This class action seeks to enforce and vindicate the rights of certain California employees and to remedy defendants' unlawful conduct which is a predicate for violations of the California Unfair Competition Law. This complaint alleges defendants' systematic illegal employment patterns and practices by which defendants required California employees to patronize defendants. Specifically, defendants required California employees to maintain their securities brokerage accounts with and/or obtain their other investment-related services from defendants. This conduct harmed plaintiffs and California employees who were similarly situated, was unlawful under the California Labor Code and thus an unlawful business act or practice in violation of the California Unfair Competition Law, and enriched defendants. The unlawful conduct continues.

4. Plaintiffs, for themselves and all California employees similarly situated and the general public, seek an order certifying a class or sub-classes as described in this complaint, disgorgement or restitution of monies, funds, and compensation acquired or received by defendants from plaintiffs and California employees, interest, an injunction against future violations of the Unfair Competition Law, and costs and reasonable attorneys' fees as allowed by law.

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

## THE PARTIES

5.  At all relevant times, plaintiff Douglas K. McDaniel ("Mr. McDaniel") was an individual and an employee of defendants Wells Fargo Investments, LLC, and Wells Fargo Bank, N.A. Mr. McDaniel was under the direction, management, and supervision of said defendants. He received his instructions from them. While employed by defendants Wells Fargo Investments, LLC, and Wells Fargo Bank, N.A., Mr. McDaniel was required to maintain his securities brokerage accounts with or obtain his other investment-related services from defendant Wells Fargo Investments, LLC.

6.  At all relevant times, plaintiff Bryan Clark ("Mr. Clark") was an individual. He initially was an employee of Wachovia Securities, LLC, which was acquired by Wells Fargo & Company in 2009 and became known as defendant Wells Fargo Advisers, LLC. Mr. Clark was under the direction, management, and supervision of said defendant. He received his instructions and directions from it. While employed by defendant Wells Fargo Advisers, LLC, and its predecessor Wachovia Securities, LLC, Mr. Clark was required to maintain his securities brokerage accounts with or obtain his other investment-related services from defendant Wells Fargo Advisers, LLC, and its predecessor.

7.  Plaintiffs bring this action on behalf of themselves and other current and former California employees of defendants. They also bring this action on behalf of the general public pursuant to the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

8.  Plaintiffs are informed and believe and, on that ground, allege that defendant Wells Fargo Investments, LLC is a Delaware limited liability company. According to its filings with the California Secretary of State and "Broker Check," published by the Financial Industry Regulatory Authority, Inc. ("FINRA"), defendant Wells Fargo Investments, LLC's principal office address is 410 Montgomery Street, San Francisco, California.

9.  Plaintiffs are informed and believe and, on that ground, allege that Wells Fargo Bank, N.A., is a national association.

/ / / /
/ / / /

10. Plaintiffs are informed and believe and, on that ground, allege that defendant Wells Fargo Advisors, LLC, is a Delaware limited liability company. Wells Fargo Advisors, LLC, is the successor in interest to Wachovia Securities, LLC.

11. All defendants participated directly or indirectly in the conduct, events, acts, patterns and practices alleged in this complaint or assumed the liabilities of the other defendants.

## CLASS ACTION ALLEGATIONS

12. Each named individual plaintiff brings this action on behalf of himself and all California employees similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek class-wide relief for patterns and practices of unlawful conduct by defendants.

13. The proposed class or sub-classes which plaintiffs seek to represent consist of past and present employees of defendants within the State of California at any time beginning four years prior to the filing of the original complaint and up to the time class certification is granted who were required by defendants to maintain their securities brokerage accounts with and/or obtain their other investment-related services from defendants. These employees include, among others, employees denominated as "financial consultants" by defendants.

14. The persons in the class or sub-classes are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. The number and identity of class members are readily ascertainable from the records of defendants.

15. A well-defined community of interest in the questions of law and fact involving and affecting the class members to be represented exists. Plaintiffs are informed and believe and, therefore, allege that class members were required to maintain their securities brokerage accounts or obtain their other investment-related services from defendants. All of these class members have been harmed by defendants' conduct, and defendants have received or acquired monies, fees, compensation, or funds from the class members.

16. The claims of plaintiffs are typical of the claims of any member of the class or sub-classes. The relief sought is typical of the relief which would be sought by each class

-4-

1  member in separate actions. All class members have been harmed similarly by being required to
2  maintain securities brokerage accounts with defendants and being denied the opportunity to use
3  less costly or better quality alternatives. This harm arose from defendants' unlawful corporate
4  patterns and practices directed against their California employees. Further, defendants benefitted
5  and profited from the same type of unfair and/or wrongful acts as to each class member.

6      17.   Plaintiffs will represent and protect the interests of all members of the class and
7  sub-classes fairly and adequately. No known conflicts of interest exist between the named class
8  representatives and class members. Plaintiffs' attorneys are ready, willing, and able to represent
9  the class and sub-classes fully and adequately. Plaintiffs' attorneys previously have been
10 appointed as class counsel and have experience in wage-and-hour and other class actions, other
11 employment litigation, and securities industry litigation.

12     18.   The prosecution of separate actions by individual class members would create a
13 substantial risk of inconsistent or varying adjudications with respect to individual class members,
14 of establishing incompatible standards of conduct for defendants, and of impairing or impeding
15 class members' rights or, as a practical matter, disposing of their interests through actions to
16 which they are not parties. Further, the claims of individual members of the class may not be
17 large enough to warrant vigorous individual prosecution considering all of the concomitant costs
18 and expenses. Finally, the claims of individual class members possibly would be subject to
19 mandatory arbitration conducted by FINRA before panels of arbitrators who were associated
20 with or employed by the securities industry.

21     19.   Common issues of law and fact predominate over individual issues in that all
22 claims arise out of defendants' policies, practices, and patterns requiring employees to maintain
23 their securities brokerage accounts with and obtain their other investment-related services from
24 defendants. Through their patterns and practices, defendants violated California law.

25     20.   A class action is superior to other available methods for the fair and efficient
26 adjudication of this controversy because individual litigation of the claims of all proposed class
27 members is impractical. Even if every proposed class member could afford individual litigation,
28 the court system could not. It would be unduly burdensome to the courts if individual litigation

of numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, gives rise to fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each proposed class member. Further, it prevents the very real harm that would be suffered by numerous putative class members who simply will be unable to enforce individual claims of this size on their own, and by defendants' competitors who are placed at a competitive disadvantage as their reward for obeying the law. Plaintiff does not anticipate difficulties in the management of this action.

## DEFENDANTS' PRACTICES AND PATTERNS

21.  Defendants are in the securities and financial services business. Defendant Wells Fargo Bank, N.A., is a national bank and a subsidiary of Wells Fargo & Company. Plaintiffs are informed and believe and, on that ground, allege that defendant Wells Fargo Bank, N.A., identifies customers with certain balances, deposits, or assets and refers them to Wells Fargo Investments, LLC, for advice on investing and as a way to generate additional revenues out of the customer relationship. Plaintiffs further are informed and believe and, on that ground, allege that financial consultants, such Mr. McDaniel, are employed by both defendants Wells Fargo Bank, N.A., and Wells Fargo Investments, LLC.

22.  Defendants Wells Fargo Investments, LLC, and Wells Fargo Advisors, LLC, are securities broker-dealers registered with FINRA. They represent themselves to be non-bank affiliates of Wells Fargo & Company, providing advisory services, asset management, brokerage services, estate planning strategies, retirement planning, portfolio analysis and monitoring, and other financial services. Those defendants further represent that they, along with other broker-dealers affiliated with Wells Fargo & Company, are the second-largest full-service provider of retail brokerage services in the United States. They maintain offices throughout California, as well as in other states in the United States and internationally. Plaintiffs are informed and believe and, therefore, allege that defendants have employed thousands of persons, including

-6-

financial consultants, in California to conduct securities broker-dealer business.

23. Plaintiffs are informed and believe and, therefore, allege that a large portion of defendants' revenues is derived from commissions, fees, and other compensation which they receive as a result of transactions done in securities brokerage accounts and the provision of other investment-related services.

24. As a pattern and practice, defendants required plaintiffs and, on information and belief, other class members to maintain their securities accounts with defendants or to patronize defendants for securities brokerage services and/or other investment-related services. Further, as a pattern and practice, defendants did not allow plaintiffs or, on information and belief, other class members to maintain securities accounts with other broker-dealers including, without limitation, discount broker-dealers. Plaintiffs are informed and believe and, therefore, allege that securities brokerage services and other investment-related services are things of value within the meaning of section 450 of the California Labor Code.

## FIRST CLAIM FOR RELIEF

### (Violation of Unfair Competition Law)

25. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 24 above.

26. Plaintiffs bring this claim for relief pursuant to the power granted by section 17204 of the Business and Professions Code for themselves, the class members, and the general public.

27. Defendants, and each of them, engaged and continue to engage in unlawful business practices in California by practicing, implementing, and using the employment practices alleged in this complaint. Specifically, defendants violated section 450 of the California Labor Code by requiring plaintiffs and other California employees to maintain their securities brokerage accounts with and/or obtain their other investment-related services from defendants. Section 451 of the California Labor Code provides that violation of section 450 is a misdemeanor. Any benefit which defendants obtain from their practices is far outweighed by the detriment those practices impose on class members and the general public.

28. Defendants' practices constitute unfair competition within the meaning of and as proscribed by section 17200 of the Business and Professions Code.

29. Plaintiffs, for themselves, all others similarly situated, and the general public, seek an injunction to prohibit defendants from continuing to engage in the unfair competition alleged in this complaint.

30. The plaintiff class is entitled to restitution, disgorgement and/or restoration (collectively "restitution") of the monies, funds, compensation, and amounts acquired or received by defendants as a result of their unfair competition. That restitution includes reimbursement of fees paid for securities brokerage services and other investment-related services which defendants compelled the plaintiff class to use or purchase from defendants rather than from other sources.

## PRAYER

WHEREFORE plaintiffs pray judgment against defendants as follows:

1. For restitution of monies, funds, compensation, and other amounts acquired or received from plaintiffs and class members in violation of the California Unfair Competition Law.

2. For interest on any amounts due as restitution from the day such amounts were due.

3. For an order enjoining defendants' violations of the California Unfair Competition Law.

4. For reasonable attorneys' fees as provided by law including, without limitation, pursuant to section 1021.5 of the Code of Civil Procedure.

5. For costs of suit.

6. For such other and further relief as the Court may deem appropriate.

**DATE AND SIGNATURE ON NEXT PAGE**

-9-

| | |
|---|---|
| 1  Dated: March __, 2011 | **LAW OFFICES OF SCOT D. BERNSTEIN**<br>**A Professional Corporation** |
| 2 | |
| 3 | **ALEXANDER KRAKOW + GLICK LLP** |
| 4 | **LAW OFFICES OF**<br>**WILLIAM P. TORNGREN** |
| 5 | |
| 6 | By _____ |
| 7 | |
| 8 | Attorneys for Plaintiffs |